UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MARY E. FRANCIS,**

    **Plaintiff,**

    v.

                        Civil Action 1:22-cv-743
                        Judge Susan J. Dlott
                        Magistrate Judge Chelsey M. Vascura

**CAPTAIN DAMON ROBERSTS,** *et al.,*

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Mary E. Francis, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, asserting claims against the Scioto County Jail, Captain Damon Roberts, and the State of Ohio, alleging violations of her constitutional rights. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A for failure to state a claim on which relief may be granted, but that Plaintiff be granted fourteen days to amend her Complaint to identify the Scioto County Jail employees who allegedly denied her medical care with respect to her gunshot wound.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $402 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's account summary reveals that she currently possesses forty-three cents in her account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts at Scioto County Jail is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $402.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute her action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff

and the Scioto County Jail's cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \*
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under

Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Further, a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

4

## II.

According to Plaintiff's Complaint, on July 30, 2022, Plaintiff was arrested and incarcerated at Scioto County Jail. At the time of her arrest, Plaintiff was suffering from a gunshot wound and related burns on her abdomen. Although it is unclear, it appears that Plaintiff requested medical care for the gunshot wound, but that her requests were denied. As result, the gunshot wound became "severely infected." (Pl.'s Compl. 5, ECF No. 1-1 at PAGEID # 14.) Plaintiff indicates that she did not receive treatment for this severe infection until approximately one month later, on August 29, 2022, at Southern Ohio Medical Center.

In September 2022, after obtaining treatment at Southern Ohio Medical Center for the gunshot wound infection, Plaintiff returned to Scioto County Jail and contracted COVID-19. She developed pneumonia as a complication of the COVID-19 infection. Plaintiff alleges that she was denied access to a physician to treat her COVID-19 infection and pneumonia, which she maintains was in violation of her "right to have a medical doctor evaluate [her] health." (*Id*. at PAGEID # 16.) Plaintiff acknowledges, however, that she was given aspirin, that she underwent a chest x-ray, and that she was prescribed an inhaler, steroids, and antibiotics.

In terms of relief, Plaintiff seeks monetary damages, as well as injunctive relief in the form of a Court order requiring the Scioto County Jail to have "a Doctor on-site 24/7 for inmates . . . [a]s well as a pharmacy that is in the Jail . . . ." (*Id*. at PAGEID #17.)

## III.

The undersigned construes Plaintiff's Complaint as seeking to advance medical indifference claims under the Eight Amendment.

As a threshold matter, although Plaintiff has not designated the capacity in which she is suing Captain Roberts, it appears that she intends to advance official-capacity claims as she also

5

names the Scioto County Jail, and none of her allegations pertain to specific actions that Captain Roberts took. *See Moore v. City of Harriman*, 272 F.3d 769, 775 (6th Cir. 2001) (*en banc*), *cert. denied*, 536 U.S. 922 (2002) (holding that "§ 1983 plaintiffs must clearly notify defendants of the potential for individual liability" and "clarify[ing] that reviewing the course of proceedings is the most appropriate way to determine whether such notice has been given"); *Thomas v. Noder-Love*, 621 F. App'x 825, 831 (6th Cir. 2015) (applying "course of proceedings" test to determine that complaint named the defendant in his official capacity only); *United States ex rel Diop v. Wayne Cty. Cmty. College Dist.*, 242 F.Supp.2d 497, 517 (E.D. Mich. 2003) ("Absent a clear notification that defendants are being sued in their individual capacities, courts must assume that they are being sued in their official capacities, only."). Regardless of whether Plaintiff intended to advance her claims against Defendant Captain Roberts in his official or individual capacities, as explained below, her claims, as presently alleged, fail. Plaintiff's claims against the State of Ohio likewise fail. Finally, the undersigned recommends that Plaintiff be permitted to amend her Complaint to name the individual defendant(s) who allegedly denied her medical treatment for her gunshot wound.

**A.      Plaintiff's Official-Capacity Claims Against Captain Roberts and Scioto County Jail**

"While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Applied here, to the extent Plaintiff intended to sue Defendants in their official capacities, such claims are advanced against Scioto

County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

Here, Plaintiff's has not alleged any facts upon which the Court could rely to conclude that an official policy or custom of Scioto County resulted in the violation of her constitutional rights. Consequently, it is **RECOMMENDED** that any official-capacity claims be **DISMISSED** pursuant to §§ 1915(e)(2) and 1915A. *See Monell*, 436 U.S. at 708; *Moore v. CCNO S. Health Partners*, No. 3:20-cv-1278, 2020 WL 6729033, at *2 (N.D. Ohio Nov. 16, 2020) (dismissing inmate's eighth-amendment *Monell* claim premised upon COVID-19 exposure against municipal defendant because plaintiff failed to identify and attack a policy of municipal defendant).

### B. Plaintiff's Individual-Capacity Claim against Captain Roberts

Plaintiff has likewise failed to plausibly allege an Eighth-Amendment individual-capacity claim against Captain Roberts.

In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).

Here, Plaintiff's Complaint fails to provide sufficient factual content or context from which the Court could reasonably infer that Defendant Captain Roberts was personally involved in any violation of Plaintiff's rights. Indeed, beyond naming Defendant Captain Roberts in the caption, Plaintiff's Complaint does not mention Defendant Captain Roberts. For these reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's individual-capacity claim against Defendant Captain Roberts pursuant to §§ 1915(e) and 1915A.

### C. Plaintiff's Claims Against the State of Ohio

The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100

(1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Mich.*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Thus, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against the State of Ohio.

D. **Plaintiff's Medical Indifference Claims**

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id*. Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011); *see also Jones*, 625 F.3d at 941 ("[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively

knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk.") (citations omitted).

> The Sixth Circuit has also noted that in the context of deliberate indifference claims:
>
> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id*. However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id*.

*Alspaugh*, 643 F.3d at 169. *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . . the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." (internal quotation marks and citation omitted)). Moreover, "when a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id*. at 591 (quotation marks and citation omitted).

Here, it appears that Plaintiff alleges that she sought, but was denied medical treatment for a gunshot wound and that as a result, she suffered a severe infection for which she did not receive treatment for approximately one month. The undersigned finds that Plaintiff's allegations of complete denial of medical care for such a serious and obvious condition as a gunshot wound sufficiently state an individual-capacity medical indifference claim against those Scioto County Jail employees who denied Plaintiff's requests for medical care. It is therefore **RECOMMENDED** that Plaintiff be permitted **FOURTEEN DAYS TO AMEND** her Complaint to identify the specific Scioto County Jail employees who denied her requests for

medical care of her gunshot wound and to include specific allegations identifying what actions those individuals took or failed to take that resulted in her injuries.

In contrast, the undersigned finds that Plaintiff cannot plausibly allege claims against Scioto County Jail employees arising from their treatment of her COVID-19 infection or the pneumonia infection she suffered as a complication. At most, Plaintiff has alleged that the medical care she received was inadequate, not nonexistent. Jail officials provided Plaintiff with aspirin; presumably transported her to a medical facility, where she underwent a chest x-ray; and she was also given a prescription inhaler, as well as prescribed steroids and antibiotics. Plaintiff's allegations that Scioto County Jail failed to make available "a [d]octor onsite 24/7" or "a pharmacy that is in the jail," (Compl. 8, ECF No. 1-1 at PAGEID # 17), fall short of the unnecessary and wanton infliction of pain required for an Eighth Amendment claim. *See Jones*, 625 F.3d at 941. Accordingly, it is **RECOMMEDED** that the Court **DISMISS** Plaintiff's claims arising from the treatment of her COVID-19 infection and pneumonia pursuant to §§ 1915(e)(2) and 1915A.

## IV.

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff be permitted to **AMEND** her Complaint **WITHIN FOURTEEN DAYS** to identify the specific Scioto County Jail employees who denied her requests for medical care of her gunshot wound and to include specific allegations identifying what actions those individuals took or failed to take that resulted in her injuries. It is further **RECOMMENDED** that the remainder of this action be **DISMISSED** pursuant to §§ 1915(e)(2) and 1915A for failure to state a claim on which relief may be granted. In addition, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE